THE THATER LAW GROUP, P.C.
M. LANI ESTEBAN-TRINIDAD
Nevada Bar No. 006967
6390 W. Cheyenne Ave., Suite A
Las Vegas, Nevada 89108
Telephone: (702) 736-5297
Facsimile: (702) 736-5299
E-Mail: lani@thaterlawgroup.com
Attorney for Plaintiff,
SHAWN HARRINGTON

UNITED STATES DISTRICT COURT
DISTRICT COURT OF NEVADA

SHAWN HARRINGTON, an individual;  )
               Plaintiff,  )   Case No.
                             )
vs.  )
                             )   **COMPLAINT**
NATIONAL SECURITY TECHNOLOGIES, LLC, )   **(Jury Trial Demanded)**
DOES 1 through 10 inclusive; ROES  )
CORPORATIONS ENTITIES 1 through 10 inclusive,)
             Defendant,  )
_____ )

Plaintiff SHAWN HARRINGTON for his causes of action against the above-named Defendant, complains and alleges as follows:

## I.
## INTRODUCTION

Plaintiff believes Defendant subjected him to discrimination and wrongful termination in violation of the Americans with Disabilities Act of 1990, as Amended (ADA) and Nevada law. Plaintiff was employed with Defendant for over a decade. Throughout these years, Defendant never had an issue with Plaintiff's performance. In fact, when Plaintiff tried to exercise his rights and voluntarily enter into the Self Selection Request for Separation ("SSVSP") he was rejected for voluntary separation and told that his position and skills were far too valuable to Defendant to allow him to leave. This all changed when Plaintiff was diagnosed with Bell's palsy and was forced to take Family Medical Leave ("FMLA") to seek treatment for his illness. Defendant rescinded on prior agreements and arrangements with Plaintiff per his employment capacity and job duties when he took FMLA leave and this continued up

until Defendant submitted his resignation from Defendant because of the constant harassment he was subjected to.

## II.
## GENERAL ALLEGATIONS

1. This is an action brought pursuant to the Americans with Disabilities Act of 1990, as Amended (ADA), 42 U.S.C. § 12101 *et seq.*, and Nevada Revised Statute §613.310 *et. seq.*

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this matter involves a federal question.

3. Venue is proper in this District under 28 U.S.C. §1391(b)(2) because a substantial part of the events and/or omissions giving rise to the claim occurred in the District of Nevada. Venue is also proper in this District under 28 U.S.C. §1391(b)(1) because Defendant resides in the District of Nevada.

4. Plaintiff SHAWN HARRINGTON is and was, at all times relevant herein, a male individual who developed an illness and is now protected under the Americans with Disabilities Act of 1990, as Amended. Plaintiff is an "employee" under NRS §613.310 and 42 U.S.C. §2000e (f) for the purposes of this action.

5. Upon information and belief, Defendant NATIONAL SECURITY TECHNOLOGY is and was, at all times relevant to herein, a foreign limited liability company doing business in the State of Nevada. Defendants, and each of them, are an "employer" under NRS §613.310(2) and 42 U.S.C. §2000e(b), and for purposes of this action.

6. Plaintiff timely files this suit following receipt of Right to Sue Letter from the Equal Employment Opportunity Commission (EEOC). Plaintiff complied with all of the administrative requisites of the Nevada Equal Rights Commission (NERC) and/or the EEOC to file suit against Defendant, under NRS §613.310, *et seq.*

7. Upon information and belief, and at all times relevant hereto, Defendants named and/or fictitiously named, and/or other names, or each of them, were the agents, ostensible agents, servants,

employees, employers, alter-egos, partners, co-owners and/or joint venture's of each other and of their co-Defendants, and were acting within the color, purpose, and scope of their employment, agency, ownership, and/or joint ventures, and by reason of such relationships, the Defendants, and each of them, are jointly and severally responsible and liable for the acts or omissions of their co-Defendants, as alleged herein. The true names and capacities whether individual, corporate, associate or otherwise of Defendants DOES I through X, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and therefore, alleges that each of the Defendants designated herein as a DOE is legally responsible in some manner for the events and happenings herein referred to and legally caused injury and damages proximately thereby to Plaintiff as herein alleged. Plaintiff is informed and believes and thereon alleges that Defendants participated in, ratified and/or condoned the acts complained of in Plaintiff's Complaint and the subject matters of this action.

## III.
## FACTUAL ALLEGATIONS

8.   On or about April of 2004, Defendant hired Plaintiff as a Tech 1 and provided him with a starting pay of $25,000.00 per year.

9.   Plaintiff performed his job exceptionally and progressed through the ranks of Tech 1, Tech 2, Tech 3 and Field Engineer I within a thirteen (13) month period. In April of 2006, Plaintiff was transferred to a separate intercompany, Bechtel Nevada.

10.   Shortly after Plaintiff transferred to Bechtel Nevada in April of 2006, the company underwent a name-change and re-branding to NATIONAL SECURITY TECHNOLOGIES ("NSTEC"). Entry level position offered by Defendant was classified as Level A; Defendant was offered a Technical Staff "D" position.

...

...

11. In February of 2013, Plaintiff applied for an internal position in Power Utilities Metering and Billing, however this was just a lateral move within the company and there was not an increase in pay with the position change.

### PLAINTIFF SELF-SELECTION FOR SEPARATION

12. On or about March 30, 2015, Plaintiff was notified of the Self-Select Voluntary Separation Program (SSVSP) and was interested in the separation company as outlined in the SPD. On April 16, 2015, Plaintiff delivered his NSTEC 2014 Self-Selection Request for Separation to Jim Anderson his immediate supervisor and informed Mr. Anderson that he was unhappy with the lack of support he was receiving and the effect it had on continuously remaining successful in his line of work. Plaintiff also voiced his concerns regarding the constant harassment and hostile working environment he was placed in with the union wiremen, all due to the fact that the position Plaintiff held was not a union position. As such, Plaintiff was constantly singled out and retaliated against because he was not a member of the union unlike the wiremen he was forced to work around and with.

13. Around 09:00 AM on April 16, 2015, Plaintiff met with Mr. Rick Medina and Jim Anderson to discuss his voluntary Self-Select Request for Separation from Defendant. Plaintiff was informed that Defendant would not approve his voluntary separation and informed Plaintiff that his position was far too valuable to the company and they could not afford to lose him as an asset. As discussions continued, improvements and programs were offered to Plaintiff that would give him the support needed to complete his job effectively. Defendant also offered to transcribe a plan that would place Plaintiff on track to an eventual management position and informed him of the creation of a future Supervisory I position that he would be in the running for.

14. Defendant also addressed Plaintiff's concerns of harassment and hostility in the workplace. Defendant transcribed a plan that would remove Plaintiff from any direct contact with the wiremen and

reassured him that he would only come in contact with the Union Wiremen Foreman for any issues that may rise or any planning that needed to be discussed.

15. Plaintiff agreed that he would remain with Defendant only if the terms discussed with Mr. Anderson and Mr. Medina were approved and implemented. Plaintiff preserved his rights offered by the SPD and did not file anything that would revoke his SSVSP paperwork, as he wanted to afford himself the opportunity to appeal Defendant's decision to revoke his SSVSP had they rescinded on any of their arrangements as discussed.

## PLAINTIFF CONTRACTS BELL'S PALSY ILLNESS

16. On May 26, 2015, Plaintiff began developing the symptoms for Bell's palsy and visited Occupational Medicine. The doctor on sight prescribed Plaintiff with medication to treat his symptoms but strongly recommended his visit his primary physician for further treatment. Plaintiff was also told that he would not be allowed to return to work without a work-release due to the severity of the illness and the potential length associated with the illness.

17. Plaintiff's condition worsened on the following day, May 27, 2015. Plaintiff had his wife contact Defendant and explain the severity of his illness and told them he would give them an update on his condition once he met with his primary physician.

18. Defendant failed to initiate the FMLA process for Plaintiff's illness, and listed him as a no call, no show on June 1, 2015 and this was also communicated to numerous individuals outside of management and Human Resources. Plaintiff contacted Defendant and discovered that they were not treating his absence and illness as an FMLA qualifying matter and asked them to initiate the FMLA process and send him the paperwork. Ultimately, Defendant was not timely in sending Plaintiff paperwork to initiate the process and Plaintiff had to find and contact the correct member in Human Resources to initiate the process himself.

...

## PLAINTIFF IS RETAILIATED AGAINST FOR TAKING FMLA LEAVE

19. Upon Plaintiff return to work, Defendant had rescinded all prior arrangements and agreements that were negotiated on April 16, 2015. Plaintiff was no longer considered for the Supervisor I position, it had been filled by Ms. Linda Mentgen in his absence. Plaintiff was also informed on July 1, 2015 that he would continue work in the shop with the Union Wiremen and was expected to train them on the new equipment they were to begin using.

20. These new arrangements were all enacted when Plaintiff returned from his FMLA leave due to his illness Bell's palsy. Defendant entirely dismissed the previous arrangements made with Plaintiff as part of his agreement to remain with the company when Defendant violated his rights outlined in the SPD to get him to remain with the company because they viewed him as an important asset.

21. Plaintiff went to Human Resources and looked to start the process for the appeal for his SSVSP paperwork because he was still within the time frame offered for the appeals process. Plaintiff later found out that he was not eligible for the appeals process because Defendant had not submitted his SSVSP paperwork, therefore Plaintiff had never been considered for SSVSP and no determination had ever been reached. Plaintiff approached Mr. Anderson regarding his SSVSP paperwork and was told that it was his responsibility to submit the paperwork, although this contradicts the instructions given in writing by Defendant.

22. Defendant continued to retaliate against Plaintiff in two separate verbal altercations between Plaintiff and Mr. Anderson on July 7, 2015 and July 8, 2015. Plaintiff was present for a meeting to discuss the process and procedures moving forward when Plaintiff was gone, and Mr. Anderson made a scene about Plaintiff in front of those attending the meeting and demanded he turn in his resignation paperwork immediately.

...

...

**PLAINTIFF RESIGNATION FROM DEFENDANT**

23.  Plaintiff wanted to speak with Human Resources before submitting his formal resignation, once he spoke with Human Resources he moved forward with submitting his paperwork.

24.  Plaintiff only filed resignation paperwork because Defendant rescinded on their agreement made on April 15, 2015 regarding an action plan for Plaintiff in exchange for his agreement to remain with Defendant instead of pursuing the SSVSP.

25.  Defendant violated Plaintiff rights outlined in SPD by failing to submit his SSVSP paperwork and thus disallowing him the opportunity to appeal the decision he thought had been made by Defendant and preventing him from receiving the substantial monetary benefits offered through the SSVSP program.

IV.

**CAUSE OF ACTION**

**NEVADA REVISED STATUTE §613.310 *et seq.*, and
AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED, 42 U.S.C. § 12101 *et seq.*,
and FAMILY MEDICAL LEAVE, 29 U.S.C § 2601 *et seq.*,**

26.  Plaintiff repeats and re-alleges each and every allegation made in the paragraphs above, as though set forth fully herein.

27.  By subjecting Plaintiff to intentional disability discrimination, Defendant violated N.R.S. §613.310 *et seq*. and the Americans with Disabilities Act of 1990, as Amended (ADA), 42 U.S.C. §12101 *et seq*.

28.  By subjecting Plaintiff to intentional Family Medical Leave discrimination, Defendant violated 29 U.S.C. §2601 *et seq*.

29.  That as a direct and proximate result of Defendant's acts and conduct, Plaintiff incurred and continues to incur, economic damages, great pain of body and mind, medical and future medical

1 | expenses, loss of earnings, loss of earning capacity, loss of enjoyment of life, and other damages, all to Plaintiff's detriment in an amount to be determined, according to proof at time of trial.

30. As a further result of Defendant's above described actions, Plaintiff has been required to engage the services of attorneys and is, therefore, entitled to an award of reasonable attorneys' fees, costs and interest/incurred herein.

WHEREFORE, Plaintiff prays for the following relief:

31. Back-pay, front pay, lost benefits, statutory and other recoverable damages, and pre-judgment interest and post-judgment interest;

32. Compensatory damages, and damages for mental or emotional pain and suffering, as permitted by applicable law, according to proof, to be determined at time of trial;

33. Punitive and/or other permissible damages, according to proof to be determined at time of trial;

34. Attorney's fees, expenses and costs of suit; and

35. Such other and further relief as the Court may wish to entertain.

DATED this 23rd day of June, 2016.

THE THATER LAW GROUP, P.C.

BY:/s/ M. Lani Esteban-Trinidad
M. LANI ESTEBAN-TRINIDAD
Nevada Bar No. 006967
6390 W. Cheyenne Ave., Suite A
Las Vegas, Nevada 89108
Tel: (702) 736-5297
Fax: (702) 736-5299

Attorney for Plaintiff,
SHAWN HARRINGTON

## JURY DEMAND

Pursuant to Federal Rules of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all issues.

6/23/2016

BY:/s/ M. Lani Esteban-Trinidad
M. LANI ESTEBAN-TRINIDAD
Nevada Bar No. 006967
6390 W. Cheyenne Ave., Suite A
Las Vegas, Nevada 89108
Tel: (702) 736-5297
Fax: (702) 736-5299

Attorney for Plaintiff,
SHAWN HARRINGTON